OPINION
Earl Morgan is appealing from a judgment of the Dayton Municipal Court, General Division, convicting him of one count of assault. He presents the following sole assignment of error:
 "DEFENDANT-APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The standard traditionally applied to manifest weight questions is that "judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence." Cent. Motorist v. Pepper Pike (1995),73 Ohio St.3d 581, 584. Weight of the evidence has been defined as:
 "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." State v. Thompkins (1997), 78 Ohio St.3d 380, 387 (citation omitted).
The Supreme Court has emphasized that the ability to weigh the evidence is a limited one, since "the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Davis v. Flickinger
(1997), 77 Ohio St.3d 415, 418. Consequently, "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court." Id. at 419.
In the case before us, the witnesses for the defendant and the witnesses for the victim presented dramatically differing accounts of what happened. They agreed only that the altercation took place in the victim's restaurant in the early morning hours of April 3, 2001. According to the victim's testimony and that of another witness, Mr. Morgan struck the victim in his head repeatedly and kicked him as well. He suffered significant injuries as a result.
According to the appellant's witnesses, including himself, he was only trying to pull the victim off of his companion who had jumped on the victim; he was only trying to get the two people apart; and he never threw a punch at the victim.
Credibility is for the trier of the facts. Here again is another classic case where the trial judge has been forced to choose between two conflicting sets of testimony. We will not disturb the choice made by the trier of the facts between witnesses and conflicting testimony unless it is so incredible that it defies belief, and we do not find it that incredible here. City of Fairborn v. Boles (May 15, 1998), Greene App. No. 97 CA 110; City of Dayton v. Versic (Mar. 15, 1996), Montgomery App. No. 15223. As the Supreme Court of Ohio has stated: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80. And that the Supreme Court has also observed giving deference to the credibility of the judgments of the trial court is particularly important since research indicates that as much as "ninety percent of the total meaning of testimony is interpreted through nonverbal behavior, such as voice inflection, hand gestures, and the overall visual demeanor of the witness. The witnesses' choice of words accounts for only ten percent of the meaning of their testimony." State v. Evans (1993), 67 Ohio St.3d 405,410-411.
The court in the case before us obviously believed the State's witnesses. At the end of the sentencing hearing, the court addressed the defendant saying: "Well, you know, Mr. Morgan, I think you're a coward. That's what I think you are. I think you're a bully and I think you're a coward. I think when your buddy started the fight with the restaurant owner, you jumped up and got into it and then like a coward you ran out the door and then your buddies left you."
The assignment of error is overruled, and the judgment is affirmed.
FAIN, J. and GRADY, J., concur.